

F I L E D
MAR 2 2 2007
CLERK'S OFFICE
DETROIT

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHIP BERRY PRODUCE, Chip M. Berry, Proprietor, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07-CV-10893 |
| v. | ) |
| | ) **STIPULATION AND AGREED ORDER** |
| HARRY HOROWITZ, INC. and DAVID | ) **FOR PRELIMINARY INJUNCTION** |
| HOROWITZ, individually, | ) |
| | ) |
| Defendants. | ) |

### STIPULATION AND AGREED ORDER
### FOR PRELIMINARY INJUNCTION AND VACATING PRELIMINARY INJUNCTION
### ORDER OF MARCH 7, 2007

WHEREAS, the plaintiff, Chip Berry Produce, Chip M. Berry, Proprietor ("Plaintiff"), sought a temporary restraining order on February 28, 2007 (the "TRO") and also filed a complaint asserting various claims against the defendants, Harry Horowitz, Inc. (the "Company") and David Horowitz, in his individual capacity ("Principal") (the Company and the Principal are further collectively referred to as the "Defendants").

WHEREFORE, with Company located in the Eastern District of Michigan, and with substantially all its assets being located in this District, and the Plaintiff having initiated its action in this Court to resolve all claims against the Defendants.

WHEREFORE, the trust provisions of PACA establish a statutory, nonsegregated trust under which the Company is required to hold all PACA Trust Assets as identified and defined below pursuant to 7 U.S.C. §499(e)(c)2.

WHEREFORE, the Company is near ceasing all business operations.

1

WHEREFORE, on March 6, 2007, the Court granted leave to Thomas Ward d/b/a Majestic Sales Produce Company and Sun State Produce, Inc. to intervene in this action (the "Majestic Plaintiffs").

WHEREFORE, the Court having issued an interim Preliminary Injunction Order of March 7, 2007.

WHEREFORE, the Plaintiff, Majestic Plaintiffs, and Defendants, having discussed resolving this matter prior to submitting this stipulated pleading, have agreed to resolve all claims against the Defendants in this District and have indicated their agreement regarding the terms of this Consent Preliminary Injunction (the "Order").

Accordingly, **IT IS STIPULATED AND AGREED,** by and between the Plaintiff, the Majestic Plaintiffs and Defendants, as follows:

A)    The Defendants each admit to having received proper notice of the complaint and all pleadings to date and, thereafter, hereby indicate their consent to the entry of a Preliminary Injunction upon the terms reflected herein and any additional terms this Court deems necessary to give effect to such a request for issuance of this Preliminary Injunction.

B)    The Company admits it has insufficient assets available to satisfy Plaintiff's and Majestic Plaintffs' trust claims.

C)    The Company recognizes the Plaintiff, the Majestic Plaintiffs and all other equally-situated unpaid sellers of perishable agricultural commodities ("Produce") to the Company, may be entitled to a beneficial interest in the single pool of assets or PACA trust *res* which includes all assets the Court determines fall within 7 U.S.C. 499e(c)(2) held in the Company's name (the "PACA Trust Assets").

2

D)     The parties agree this Order is reasonable and necessary to provide a procedural framework to review, qualify and satisfy any and all claims against the single PACA trust and to ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce the Company's obligations to all potential PACA trust claimants.

Based on the foregoing, **IT IS HEREBY ORDERED, as follows:**

I.     CONSENT INJUNCTION

1.     The Preliminary Injunction Order of March 7, 2007 is hereby vacated.

2.     Any and all pending actions by or on behalf of other creditors of the Company are hereby stayed and all subsequent actions by any creditor of the Company are hereby barred. This prohibition shall apply to all action or proceedings in all courts or other forums pending further Order of this Court.   All persons or entities having unsatisfied claims against the Company arising under the PACA shall have the right to seek a recovery on such claims in this action by following the procedure established herein.

3.     The Company shall provide a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable to this Court and Counsel for the Plaintiff ("Counsel") and Majestic Plaintiffs' Counsel within three (3) business days of the date of this Order.

4.     This Order will be binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order.  In this regard, the Company is hereby directed to serve a copy of this Order on all financial institutions with which the Company does any business or who may be holding

3

any assets for or on behalf of the Company.

5.     The Company, its agents or custodians of their assets with notice of this Order shall not pay the PACA Trust Assets to any creditors, person or entities until further Order from this Court.

6.     In light of the agreement reached between the Plaintiff, the Majestic Plaintiffs and Defendants, and in recognition of the fact the Company is currently in possession of 100% of the PACA Trust Assets at issue, the Court hereby finds good cause to set the bond in this matter at $0.00.

## II.     ESTABLISHMENT OF PACA TRUST ACCOUNT:

7.     The Company shall maintain the integrity and security of its financial records including accounts payable and the Receivables. Upon written request, during normal business hours, the Company shall produce or allow inspection of such records that are reasonably necessary to enforce this Order including without limitation, books and records, invoices credit memos, Receivables ledgers, insurance policies, inventory lists, accounts payable lists, customer lists and invoices from vendors.

8.     Each party ultimately determined to be entitled to the PACA Trust funds shall be entitled to its pro-rata share of the interest which accrues on the funds in Company's operating account from the date of entry of this Order through the date of disbursement pursuant to this Order or further Orders of this Court.

9.     No funds shall be disbursed except upon further Order of this Court.

4

III.    PACA CLAIMS PROCEDURE

10.    Counsel and Majestic Plaintiffs' Counsel shall within five (5) business days after the receipt of the listing of accounts payable from the Company, issue a written notice of all dates and deadlines relevant to this claims procedure, along with a copy of the Order, to all entities on the Company's listing of accounts payable (the "Notice"). Such written Notice shall be sent via certified first class mail with return receipt requested, or any equally verifiable means to prove delivery upon the recipient.

11.    The Notice, a draft of which is attached as "Exhibit A", shall be structured on the following schedule (Counsel and Majestic Plaintiffs' Counsel shall complete the Notice with all specific dates based on the date of this Order):

**Defendants to Deliver A/P Listing to Counsel**
**and Majestic Plaintiffs' Counsel**  .................... ............ **March 16, 2007**

**Counsel and Majestic Plaintiffs' Counsel**
**to Issue Notice & Publication Requests** ............... **March 23, 2007**

**Deadline to File & Serve PACA Complaint**
**in Intervention & Proof of Claim**
**("Proof of Claim Deadline")** ............................ ... **April 23, 2007**

**Deadline to file Objections to any PACA Proof of Claim**
**("Objection Deadline")**...................... ............. **May 14, 2007**

**Deadline to File Replies to any Objections** .................. **May 29, 2007**
**("Reply Deadline")**

5

**Deadline to File PACA Trust Chart and Motion**
**for Approval of Proposed Disbursements**
**("Deadline to File PACA Trust Chart")** ...... ............     **June 1, 2007**

12.    Each unpaid supplier of Produce to the Company holding a claim for nonpayment

for produce and alleging rights under the PACA Trust, shall file with the Clerk of the Court for

this District, and serve the individuals listed in Paragraph 12 of this Order, on or before the Proof

of Claim deadline, a completed PACA Proof of Claim in a form similar to that attached to this

Order as "Exhibit B" together with any and all documents supporting its claim and a Complaint

in Intervention which complies with Federal Rule of Civil Procedure 8(a). All persons or entities

having an unpaid invoice for the sale of Produce to Company are hereby granted leave to

intervene *without further notice or motion* and, once having intervened, each such entity shall

be bound by all Orders entered in this case.

13.    Any creditor claiming to have a valid PACA trust claim against the Company and

wishing to intervene or otherwise join in this action, in addition to filing their Complaint in

Intervention and Proof of Claim with Clerk of Court of this District, shall also serve a copy

thereof on Counsel, Majestic Plaintiffs' Counsel and Defendants' counsel on or before the Proof

of Claim Deadline, and addressed follows:

For Plaintiffs/Trust Creditors:

Michael J. Keaton, Esq.
KEATON & ASSOCIATES, P.C.
1278 West Northwest Hwy., Suite 903
Palatine, Illinois 60067
Tel: 800/535-9949

For Majestic Plaintiffs/Trust Creditors:
Craig Stokes, Esq.
STOKES & SANTOS LLP

3330 Oakwell Court- Suite 225
San Antonio, Texas 78218
Tel.: 210/804-0011

6

For Defendants:

Ben Dolan, Esq.
DICKINSON & WRIGHT, PLLC

38525 Woodward Avenue, Suite 2000
Bloomfield Hills, Michigan 48304-2970
Tel.: 248/433-7200

13.    Any PACA supplier or creditor who fails to file such PACA Proof of Claim **and** Complaint in Intervention with the Court and the individuals listed in Paragraph 12 of this Order on or before the Proof of Claim Deadline, shall be forever barred from thereafter asserting any claim against the Company its officers, directors, or employees, whether in this Court or any other forum. Each PACA Proof of Claim must be verified by either the owners or an authorized employee of the respective claimants having personal knowledge of the facts comprising such claims.

14.    Any person or entity who joins this case shall be deemed a party and shall be bound by the terms of all Orders entered in this case.

15.    Any party wishing to review or copy any documents may make arrangements with the Clerk of Court, Counsel, Majestic Plaintiffs' Counsel or Defendants' Counsel to view the documents, or arrange for copying at the requesting party's expense.

16.    Any objections to any PACA claims must be filed with the Clerk of this Court, and served upon all counsel of record and also upon the PACA claimant asserting the claim to which the Objection relates on or before "Objection Deadline". The objection must set forth in detail the legal and factual basis for the objection for each invoice claimed.

17.    On or before the "Reply Deadline", any PACA claimant whose claim is subject to

7

an objection may file with the Clerk of this Court a detailed response to any objection received, and serve the attorney for the objecting party.

18.     The claimant and objecting party shall thereafter exercise best efforts to resolve any Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, PACA claimant's counsel or objecting party's counsel shall file a motion for determination of the validity of the disputed PACA claims. Nothing in this Order shall be construed as shifting the burden away from the objecting party of establishing the bases supporting disqualification of the challenged claim under the PACA.

19.     Any PACA claim, which was timely filed and served in accordance with this Order, but which was not subject of a timely-filed objection shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim.

20.     On or before the Deadline to File PACA Trust Chart, Counsel and Majestic Plaintiffs' Counsel shall prepare, file with the Court and serve upon all counsel of record, a chart listing each person or entity having properly and timely intervened and filed a PACA Proof of Claim, the amount which is deemed valid due to no objections being filed, the amount which is deemed invalid due to no reply to a timely filed objection, the amount, if any, subject to a pending objection and the amount of any objection that was resolved by settlement (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for a proposed distribution which shall equal 80% of the total undisputed claims ("Available Funds"). The PACA Trust Chart must list the pro-rata distribution of the Available Funds to the undisputed claims and the pro-rata shares held-back pending resolution of the objections.

21.     If no PACA Trust Beneficiary files an objection to its proposed pro-rata

8

distributions as listed on the PACA Trust Chart within ten (10) days of its being filed, all proposed distributions shall be conclusively determined. Any timely objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for ruling.

22.    The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to such proposed distribution is resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the Claimant prevails or is made available for distribution to other valid claims if the claim is disallowed.

23.    In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the Company's obligations under the PACA on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective costs of marshaling the PACA trust assets for their direct benefit, Counsel, Majestic Plaintiffs' Counsel and Defendants' Counsel may include that portion of their fees and costs which fairly relate to this claims procedure and the liquidation of the PACA trust claims in this case as a separate line item in the PACA Trust Chart prior to circulation in accordance with this Order.

24.    Any PACA Trust Beneficiary may file a written objection to such fees and costs within ten (10) days of the filing of the PACA Trust Chart and the Court shall resolve any qualified PACA Trust Beneficiary's timely-filed objection to such fees and expenses.

25.    The Court shall exercise exclusive jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established pursuant to this Order and retains jurisdiction to

enter further Orders to enforce the terms of this PACA Claims Procedure.

IT IS SO ORDERED.

March **2**, 2007
Detroit, Michigan

Honorable John Feikens
UNITED STATES DISTRICT JUDGE

10

STIPULATED & AGREED:

CHIP BERRY PRODUCE,
Chip M. Berry, Proprietor,

//s//  Stuart J. Snider
One of Their Attorneys

Stuart J. Snider, Esq.
LAW OFFICES OF STUART J. SNIDER
615 Griswold, Suite 600
Detroit, Michigan 48226
Tel.: 313/962-9070

Co-Counsel:
Michael J. Keaton, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel: 800/535-9949

HARRY HOROWITZ, INC.
DAVID HOROWITZ, individually

//s//   John Benjamin Dolan
One of Their Attorneys

Ben Dolan, Esq.
DICKINSON & WRIGHT, PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, Michigan 48304-2970
Tel.: 248/433-7200

THOMAS WARD d/b/a MAJESTIC
SALES PRODUCE COMPANY, SUN
STATE PRODUCE, INC.

//s//  Matthew E. Krichbaum
One of Their Attorneys

Matthew E. Krichbaum, Esq.
SOBLE ROWE KRICHBAUM, LLP
221 North Main Street- Suite 200
Ann Arbor, Michigan 48104
Tel.: 734/996-5600

Co-Counsel:
Craig Stokes, Esq.
STOKES & SANTOS
3330 Oakwell Court- Suite 225
San Antonio, Texas 78218
Tel.: 210/804-0011

MAR-21-2007 WED 01:18 PM FAX NO. 1023453 P.13/23



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHIP BERRY PRODUCE, Chip M. Berry, )
Proprietor, )
                                   )
           Plaintiff, )
                                   )
v.                            .    ) Case No. 07-CV-10893
                                   )
HARRY HOROWITZ, INC. and DAVID   ) NOTICE OF DEADLINES
HOROWITZ, individually,               ) REGARDING PACA TRUST CLAIM
                                   ) PROCEDURE
           Defendants.           )

## NOTICE OF DEADLINES REGARDING
## PACA TRUST CLAIMS PROCEDURE

**To:**   All potential PACA Trust Creditors of Harry Horowitz, Inc.

PLEASE TAKE NOTICE that on March 22, 2007 this Court issued an order setting forth the following procedure to determine the validity of all potential claims under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2003 & Supp. 2006) (the "PACA") against defendants, Harry Horowitz, Inc. (the "Company") and David Horowitz, in his individual capacity ("Principal") (the Company and the Principal are further collectively referred to as the "Defendants").

1.     The purpose of this Notice is to advise you of the procedures the Court has adopted to determine the validity of PACA trust claims and to provide a framework for the distribution of PACA Trust Assets to all who establish the validity of their claims.

2.     Since the statutory scheme of the PACA imposes certain procedural steps which sellers must take in order to preserve their rights as trust beneficiaries, such sellers must prove they have met all statutory requirements and have valid claims. The following PACA Trust Claim procedure is imposed for all potential PACA trust claimants to prove their claim.

3.    Under this Order, the Court set a series of deadlines for submission of certain pleadings and claim forms in order for your PACA Claim to be properly reviewed and determined to valid or invalid. Each step of this process is described in detail as follows:

## A.    LEAVE TO INTERVENE GRANTED

4.    The Court has already granted leave to intervene in this case to each potential PACA trust beneficiary to expedite this claims procedure. The filing of a complaint in intervention and the attached PACA Proof of Claim form (See Exhibit A attached to this Notice), shall serve to properly subject you and/or your company to the Court's jurisdiction for a proper determination of the validity of your PACA trust claim and all orders entered in these proceedings.

## B.    DEADLINE TO FILE PACA PROOF OF CLAIM

5.    Any creditor claiming to have a potential PACA trust claim against the Company must file and serve its complaint in intervention and its completed the PACA Proof Of Claim form (form attached hereto as Exhibit A) with the Court, together with any and all documents supporting the claim, on or before by April 23, 2007 ("Proof of Claim Deadline").

6.    The PACA Proof of Claim form must be filed with the Clerk of this Court, with a certificate stating that you also served a copy of the claim form and the complaint in intervention on each of the following individuals:

2

2.07-08 PM 55 DICKINSON WRIGHT PLLC3/2224 TO 2#118#9131323453 P.16/23

For Plaintiff/PACA Claimants:

For Defendants:

Michael J. Keaton, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy., Suite 903
Palatine, Illinois 60067
Tel: 800/535-9949

Ben Dolan, Esq.
DICKINSON & WRIGHT, PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, Michigan 48304-2970
Tel.: 248/433-7200

For Majestic Plaintiffs/PACA Claimants:
Craig Stokes, Esq.
3330 Oakwell Court, Suite 225
San Antonio, Texas 78218
Tel.: 210/804-0011

7.      Any potential PACA trust claimant who fails to timely file and serve both a complaint in intervention **and a PACA Proof of Claim** shall be permanently enjoined from asserting any claims based upon PACA against the Company, other PACA trust creditors, or any other party holding an interest in the PACA Trust Assets, asserting any interest of their own in the PACA Trust Assets, and commencing or continuing any action against any Defendant or any other entity based upon an unpaid PACA trust claim.

8.      Any documents the PACA claimant relied upon to support its claim which are not filed with the Proof Of Claim in accordance with this paragraph, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents the PACA trust claimant may rely upon to rebut an objection to its claim. Accordingly, any and all documents supporting your entitlement to PACA trust rights *__must be filed__* with the PACA Proof of Claim form to expedite review of all potential PACA claims.

3

9.    Any party wishing to review or copy any documents may make arrangements with the Clerk of Court or any of the individuals listed in ¶ 6 above to view the documents, or arrange for copying at the requesting party's expense.

10.    Any objections to any PACA claims must be filed with the Court and served upon the PACA trust claimant to whom the objection relates, as well as the individuals listed in ¶ 6 above, **on or before May 14, 2007 ("Objection Deadline")**. The objection must include all evidence upon which the objecting party may rely to sustain its objection and set forth in detail the legal and factual basis for the objection for each invoice claimed.

11.    **On or before May 29, 2007 ("Reply Deadline")**, any PACA claimant whose claim is subject to an objection shall file with the Court a detailed response to any objection received, and serve the attorney for the objecting party, or the disputed claim shall be disallowed as set forth in the objection.

12.    Claimant and the objecting party shall thereafter exercise best efforts to resolve such dispute. In the event Claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be submitted to the Court for resolution after notice and hearing. In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be submitted to the Court for resolution upon notice and hearing. The Court, in its discretion, may consolidate the hearings on claims objections involving common issues.

13.    Any PACA trust claim listed on a Proof Of Claim to which no objection has been filed and served prior to the objection deadline, shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof Of Claim.

4

14.     After the Objection Deadline, Counsel will prepare and file a chart listing each person or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the Proof of Claim, the amount which is deemed valid due to no objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart").

15.     Any timely objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for ruling.

16.     In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the Company's obligations under the PACA on the same pro-rata basis as they are accepting the benefits of such actions, including the costs of preserving the PACA trust assets and establishing the PACA claims procedure for the benefit of all claimants, each claimant may be asked to pay their fair/pro-rata share of all such fees and costs upon motion. The amount may be listed in the PACA Trust Chart for circulation to all claimants.

17.     Any qualified PACA Trust Beneficiary may file a written objection to such common fund fees and costs within ten (10) days of the filing of the Trust Chart and the Court shall resolve any such objection upon hearing, unless resolved by agreement with the objecting party. Absent any timely filed and sustained objections to such items, all amounts reflected on the PACA Trust Chart shall be approved as listed.

The following dates and deadlines are essential to the proper assertion of any and all PACA Claims against the Debtor:

| 04/23/07 | - Deadline for Complaint in Intervention & PACA Proof of Claim |
| 05/14/07 | - Deadline for Objections to any PACA Proof of Claim |
| 05/29/07 | - Deadline for Reply to any Objection to PACA Proof of Claim |

Should you have any questions regarding this Notice, please feel free to contact one of the individuals listed in ¶ 6 of this Notice or the counsel of your choice. You should not call the Clerk of this Court or the Judge for any advice on how to comply with this procedure.

## \*\*\* DO NOT DISREGARD THIS NOTICE \*\*\*

This is the only procedure for obtaining a distribution on account of your PACA trust claims. Filing any other claim forms with any court or with the USDA will not satisfy this requirement. The only way to receive any payments on a PACA trust claim is to follow the procedures set forth in this notice and in the Court's Order establishing this PACA Claims Procedure.

6



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CHIP BERRY PRODUCE, Chip M. Berry, Proprietor,<br><br>        Plaintiff,<br><br>v.<br><br>HARRY HOROWITZ, INC. and DAVID HOROWITZ, individually,<br><br>        Defendants. | Case No. 07-CV-10893<br><br>**PACA PROOF OF CLAIM FORM** |

**PACA PROOF OF CLAIM OF**
**(_____)**
(YOUR COMPANY NAME)

1.    I, _____ of _____ (the "Claimant"), hereby file this Proof of Claim and declare under penalty of perjury that the following are true statements and the attached documents are true and correct copies of original documents, which are filed with this Declaration for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created against Harry Horowitz, Inc. (the "Company") pursuant to §499e(c) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (2003 & Supp. 2006) (the "PACA") and the Code of Federal Regulations implementing PACA promulgated by the Secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R.§ 46.46, and I am authorized to make this Proof of Claim and am competent to testify regarding the statements made in this Proof of Claim.

2.    Claimant:

G        is licensed by the USDA-PACA, and currently holds valid PACA license number _____, and was so validly licensed during the period applicable to the transactions which are the subject of this claim.

G        is not licensed by the USDA-PACA, and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3.     The sales transactions between Claimant and the Company were based on the following payment term:

G          Payment was due withing ten (10) days after the day on which the produce was accepted as provided for in 7 C.F.R. §46.2(aa)(5).

G          On the _____-day written payment terms from the date of (check one):

| G | G | G | G |
|---|---|---|---|
| Shipment | Invoice | Delivery | Acceptance |

True and accurate copies of written agreements, if any, providing for such payment terms are attached to this Declaration.

4.     Claimant sold perishable agricultural commodities (hereinafter "Produce") on credit to the Company as described in the chart attached to this declaration ("Trust Chart"). In each instance, the Company received and accepted the Produce and no adjustments have been made on the invoice except as listed. True and accurate copies of all relevant invoices are attached to the Trust Chart. In the Trust Chart, I have used the term "Invoice Number" to refer to the number under which the commodity was sold to the Company; "Date of Acceptance, Invoice or Shipment" refers to the date which begins the payment terms between the parties; "Payment Due Date" refers to the date payment was due based upon the payment terms between the parties; "Date Notice Given" refers to the date Claimant's Invoice or Notice of Intent to Preserve Trust Benefits (hereinafter "Trust Notice") was given to the Company, if applicable; "Invoice Amount Due" refers to the amount owed and remaining unpaid, whether or not it qualifies for trust protection; and "PACA Trust Amount" refers to the amount owed and remaining unpaid qualifying for trust protection pursuant to the provisions of PACA.

5.    Claimant preserved its PACA trust interest against the Company;

G            by including the statutorily required language on Claimant's invoice or other billing statement (7 U.S.C. §499e(c)(4)); or

G            by serving Trust Notices upon the Company (7 U.S.C. §499e(c)(3)).

6.    On the invoice dates indicated on the Trust Chart and appearing on each of the invoices, each invoice was sent to the Company via U.S. Mail.

7.    Attached to this Declaration are true and accurate copies of all Trust Notices, if applicable, all unpaid invoices, and other evidence and documents which may be necessary or helpful for the just determination of this claim.

8.    The total amount past due and unpaid from the Company total $_____, of which $_____ qualifies for PACA trust protection.

9.    The Claimant provides the following additional information and documents it believes may be necessary and helpful for the just determination of its claim. (Attach anything else you would like to place before the Court and intend to introduce at trial in connection with proving your claim as a PACA trust beneficiary.)

**I declare the above statement to be true and correct under penalty of perjury as set forth in 28 U.S.C. §1746.**

Dated this _____ day of _____, 2007.

Signature:_____

Print Name:_____

Print Title:_____